**The document below is hereby signed.**

**Dated: October 31, 2012.**



_____
**S. Martin Teel, Jr.
U.S. Bankruptcy Judge**

```
             UNITED STATES BANKRUPTCY COURT
              FOR THE DISTRICT OF COLUMBIA

In re                            )
                                 )
RICHARD S. KOCHAN and MARILYN    )   Case No. 12-00191
H. KOCHAN,                       )   (Chapter 7)
                                 )
              Debtors.           )
                                 )
                                 )
MARILYN H. KOCHAN and RICHARD    )
S. KOCHAN,                       )
                                 )
              Plaintiffs,        )   Adversary Proceeding No.
                                 )   12-10037
         v.                      )
                                 )
MONUMENT BANK,                   )   Not for publication in
                                 )   West's Bankruptcy Reporter
              Defendant.         )
```

MEMORANDUM DECISION RE PLAINTIFFS' MOTION TO STRIKE

This addresses the plaintiffs' motion to strike the defendant's affirmative defenses. The plaintiffs request the court to strike the defendant's second through eighth affirmative defenses. For the reasons that follow, the motion will be granted in part and denied in part.

I.

Rule 12(f) of the Federal Rules of Civil Procedure allows the court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Federal courts generally disfavor striking pleadings, describing it as "an extreme remedy." *Intex Recreation Corp. v. Team Worldwide Corp.*, 390 F. Supp. 2d 21, 24 (D.D.C. 2005). Nevertheless, "a motion to strike a defense as insufficient 'should be granted where it is clear that the affirmative defense is irrelevant and frivolous and its removal from the case would avoid wasting unnecessary time and money litigating the invalid defense.'" *Id.* In resolving a motion to strike, the court will draw all reasonable inferences in the pleader's favor. *Unique Indus., Inc. v. 965207 Alberta Ltd.*, 722 F. Supp. 2d 1, 5 (D.D.C. 2009).

Rule 8(c) states that, in response to a pleading, "a party must affirmatively state any avoidance or affirmative defense." Our court of appeals has not decided whether the plausibility standard of *Iqbal* and *Twombly* applies to pleading affirmative defenses. See *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007). Nevertheless, the "'purpose of [Rule 8(c)] is to put opposing parties on notice of affirmative defenses and to

2

afford them the opportunity to respond to the defenses.'" *Kapche v. Holder*, 677 F.3d 454, 465 (D.C. Cir. 2012) (quoting *Daingerfield Island Protective Soc'y v. Babbitt,* 40 F.3d 442, 444 (D.C. Cir. 1994)); *Harris v. Sec'y, U.S. Dep't of Veterans Affairs*, 126 F.3d 339, 343 (D.C. Cir. 1997) ("The pleading requirement of Rule 8(c) gives the opposing party notice of the defense . . . and permits the party to develop in discovery and to argue before the District Court various responses to the affirmative defense."). As a result, this court has previously explained that "[t]he liberal notice pleading standards of the Federal Rules of Civil Procedure apply to affirmative defenses," but "an affirmative defense must include either direct or inferential allegations respecting all material elements of the claim asserted, and bare legal conclusions do not suffice." *In re Columbia Hosp. for Women Med. Ctr., Inc.*, 461 B.R. 648, 685 (Bankr. D.D.C. 2011) (internal quotation marks omitted) (citing *HSBC Mortg. Servs., Inc. v. Equisouth Mortg., Inc.,* 2011 WL 529412, at *2 (N.D. Ill. Feb. 7, 2011)).

                                II.

The complaint rests on an allegation that the deed of trust recorded against the plaintiffs' home is fraudulent; seeks a declaration that the deed of trust is void such that the defendant has no perfected deed of trust and should not have an allowed secured claim; and seeks disallowance of the defendant's

3

entire proof of claim based on unclean hands.  The defendant's answer raises a veritable kitchen sink of defenses (some of which, even disregarding their conclusory nature, do not appear to be germane to this type of complaint), and the issue is whether those defenses are pled in a manner that gives fair notice to the plaintiffs as to the basis for the defenses.

The defendant's Second Defense is a blanket denial of "each and every allegation set forth in the Complaint."  Because the defendant's Ninth Defense sets forth specific admissions and denials of the allegations in the Complaint, this second defense is redundant and will be stricken.

The defendant's Third Defense ("The Complaint is barred by the doctrines of estoppel and waiver"), Fifth Defense ("Any damages suffered by Plaintiffs are a result of their own breach of contract, negligence and failure to mitigate"), Sixth Defense ("The Complaint is barred by the laches of the Plaintiff"), and the Eighth Defense ("Plaintiff's claims are barred by lack of proper notice") are no more than bare legal conclusions.  There are no factual allegations whatsoever that provide any clue as to what actions or events give rise to these affirmative defenses.  Therefore, they do not suffice to put the plaintiffs

4

on notice of the affirmative defenses and they will be stricken without prejudice.[1]

In their Seventh affirmative defense the defendant asserts that the "Plaintiff's claims are barred by the applicable statute of limitations." Unlike the other affirmative defenses, this is sufficient to satisfy the requirements of Rule 8(c). *See Daingerfield Island Protective Soc. v. Babbitt*, 40 F.3d at 444-45 ("[W]hile a limitations defense must be asserted in a responsive pleading, it need not be articulated with any rigorous degree of specificity, and is sufficiently raised for purposes of Rule 8 by its bare assertion." (internal quotation marks and citation omitted)). The plaintiffs argue that the statute of limitations cannot be applicable to this case because if it were, "it would mean that the proof of claim that is the subject of the lawsuit is baseless." However, determining the statute of limitations issue requires resolving factual disputes between the parties which are not appropriately dealt with in a motion to strike. *See United States v. Honeywell Int'l, Inc.*, 841 F. Supp. 2d 112, 115-16 (D.D.C. 2012) ("[A] motion to strike is not the appropriate place to resolve significant factual

---

[1] The Fifth Defense ("Any damages suffered by Plaintiffs are a result of their own breach of contract, negligence and failure to mitigate") is additionally irrelevant because the complaint seeks not damages but only declaratory relief regarding the invalidity of a deed of trust (and an award of costs and attorney's fees).

5

disputes between the parties."); *F.T.C. v. Cantkier*, 767 F. Supp. 2d 147, 160 (D.D.C. 2011) ("'[C]ourts are reluctant to determine disputed or substantial questions of law on a motion to strike'" (quoting *Chaconas v. JP Morgan Chase Bank*, 713 F. Supp. 2d 1180, 1191 (S.D. Cal. 2010)).

The Fourth Defense states as follows:

> Monument Bank has rights pursuant to any account agreements and any modifications thereto it may have with respect to the accounts referenced in the Complaint.  Monument Bank asserts that those rights remain in full force and effect, and demands that they be protected.  Monument Bank specifically reserves any and all rights and remedies it may have pursuant to or because of these instruments.

This does not appear to be an affirmative defense, but rather a reservation of Monument Bank's rights.  As such, it will be stricken without prejudice as an insufficient defense.

### III.

For all of these reasons, the Second, Third, Fourth, Fifth, Sixth, and Eighth Defenses will be stricken without prejudice to the defendant filing an amended answer.

[Signed and dated above.]

Copies to: Recipients of e-notification of orders.